IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUTHER DIXON, #1683790, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-1139-D-BK | |
| § | | |
| SHERIFF LUPE VALDEZ, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that the complaint be summarily dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a state prisoner incarcerated at the Middleton Unit in Abilene, Texas, filed a *pro se* complaint asserting civil rights violations under 42 U.S.C. § 1983, against Dallas County Sheriff Lupe Valdez. After granting Plaintiff's motion to proceed *in forma pauperis*, the Court issued a questionnaire to obtain information about the factual basis of the claims. (Doc. 4, 5). No process has been issued in this case.

Plaintiff alleges that on May 11, 2009, while he was confined at the Dallas County Jail, he was moved from a closed "B/O" tank in the West Tower to a "Maximum Security Tank," Tank 5-E-2, in the North Tower, where a fellow inmate subsequently stabbed him in November 2009. (Doc. 2 at 4; Doc. 6 at 4). Plaintiff states that, from the time he was placed in Tank 5-E-2

1

until the time of the assault in November 2009, the inmate who stabbed him had not lived in the same tank. (*Id.*). Plaintiff claims that he is "disfigured for life" and is losing sight in his right eye. (Doc. 2 at 4; Doc. 6 at 7). He seeks $500 in damages, coverage of medical bills for the treatment of his eye, and payment for a glass eye. (*Id.*).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, Plaintiff's claim against Defendant Valdez is frivolous.

    A.    <u>Failure to Protect Claim and Deliberate Indifference Standard</u>

Plaintiff appears to allege Defendant Sheriff Valdez placed him in a harmful situation, thereby failing to protect him from another inmate's assault in December 2009. (Doc. 2 at 3).[1]

---

[1] The Court liberally construes Plaintiff's complaint to contain a failure to protect claim, although Plaintiff does not explicitly plead it. *See Haines*, 404 U.S. at 520.

"[P]rison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. State of Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Under *Farmer*, an inmate "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" and that Defendants were deliberately indifferent to his need for protection. *Id*. An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate...safety" and disregards that risk. *Id.* at 837. In this context, an officer's awareness of the risk is evaluated subjectively. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must, in fact, also have drawn the inference. *Id*. "A prisoner's general claim that he was threatened, [that] he reported the threat to prison officers without providing them sufficient details to act on, and that he was later assaulted, is not sufficient to proceed to trial on a failure to protect claim." *Smith v. Jaramillo*, 2006 WL 1984345, *3 (W.D. Tex. 2006) (citing *Robinson v. Cavanaugh*, 20 F.3d 892, 894 (8th Cir. 1994) (affirming summary judgment on failure to protect claim where evidence showed plaintiff failed to advise guard of potential assailant's identity).

The November 2009 incident does not amount to a failure to protect in violation of Plaintiff's constitutional rights. Plaintiff alleges that he was placed "in a harmful situation causing" the loss of his eye. (Doc. 2 at 3). However, he does not allege that he alerted jail personnel of the "harmful situation," much less of any substantial risk that might arise from the

harmful situation. (*Id.*). Moreover, he concedes that he and the inmate who stabbed him in the eye were not assigned to the same tank when Plaintiff was first moved there in May 2009, or up until to date of the attack. (Doc. 6 at 4-5). Even when liberally construed in accordance with his *pro se* status, the pleadings fail to allege that Defendant and her staff were aware of any risk to Plaintiff's safety prior to the November 2009 assault, or that they inferred any risk to Plaintiff's safety. (Doc. 6 at 6). Therefore, there is no arguable basis in law that Defendant Valdez and her staff were deliberately indifferent to Plaintiff's need for protection. *Farmer*, 511 U.S. at 834; *Neitzke*, 490 U.S. at 325. Accordingly, Plaintiff's failure to protect claim should be dismissed as frivolous.

    B.    <u>Vicarious Liability</u>

Even assuming a constitutional violation, Plaintiff's pleadings do not allege direct involvement by Defendant Valdez. Rather, Plaintiff is suing her because, as sheriff, she is responsible for jail personnel under her supervision. (Doc. 6 at 2). Supervisory government employees are only liable for their own misconduct, however, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action. *Ashcroft v. Iqbal*, 556 U.S.__, 129 S.Ct. 1937, 1948-49 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in a plaintiff's injury. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Here, Plaintiff does not allege facts that indicate Defendant Valdez's personal involvement or acquiescence in the events leading up to the assault. (Doc. 6 at 6). Nor does Plaintiff allege that Defendant implemented an unconstitutional policy causing any constitutional deprivation. (*Id.*). Because Plaintiff impermissibly bases his allegations against Defendant on vicarious liability or *respondeat superior*, his claims are without merit and should be dismissed as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended the complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SIGNED August 4, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE